IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| THE HJH CONSULTING GROUP INC., § <br> d/b/a THE SALT GROUP, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> NATIONAL STEAK PROCESSORS, INC., § <br> § <br> *Defendant*. § | Civil Action No.  SA-15-CV-0717-XR |

### ORDER

On this date, the Court considered Plaintiff HJH Consulting Group, Inc., d/b/a The SALT Group's ("TSG") Motion to Remand and For Attorneys' Fees (docket no. 7), Defendant National Steak Processors, Inc.'s ("NSP") response (docket no. 9), and TSG's reply (docket no. 16). After careful consideration, the motion is GRANTED IN PART and DENIED IN PART.

### BACKGROUND

TSG is a Texas-based tax and financial consulting provider.  Docket no. 7 at 2.  A representative of NSP entered into an agreement with TSG that provided TSG would examine NSP's tax records and account payables.  *Id.* at 9.  If TSG identified or obtained any refunds, savings, or similar credits ("benefits") as a result of the examination, the agreement provided that NSP would pay TSG a certain percentage of the benefits.  *Id.*

TSG claims that it completed its review of NSP's records and identified $375,000 in benefits.  Docket no. 1-1 at 7.  TSG alleges that NSP has not tendered payment for the percentage of benefits it is entitled to under the agreement, despite several requests to be paid. *Id.*  As a result, TSG filed this lawsuit in the County Court at Law in Kerr County, Texas, on July 17, 2015.  *Id.* at 3.  NSP filed its Notice of Removal on August 21, 2015.  Docket no. 1.

1

On September 9, 2015, TSG filed its Motion to Remand. Docket no. 7. At issue is a forum-selection clause in the agreement between the parties, which states: "The parties agree venue for any action relating to this agreement shall be in state court in Kerr County, Texas, and Texas law shall govern." *Id.* at 9. TSG argues that this is a mandatory forum-selection clause and constitutes a waiver of federal jurisdiction. *Id.* at 3. Relying on a Fifth Circuit decision, TSG maintains that since Kerr County does not contain a federal courthouse, a forum-selection clause that selects Kerr County is a waiver of both parties' right to remove the case to federal court. *Id.* at 3–4 (citing *Collin County v. Siemens Business Services, Inc.*, 250 F. App'x 45, 51 (5th Cir. 2007)). The Court agrees.

## ANALYSIS

### I. Motion to Remand

The key question for the Court is whether the forum-selection clause in the agreement mandates venue be exclusively in Kerr County or whether the clause is permissive and allows venue to be in federal court. If the clause is mandatory, then, to avoid venue in Kerr County, NSP must establish that the forum-selection clause is unreasonable.

A. <u>Mandatory v. Permissive</u>

A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction. *See* 28 U.S.C. § 1441(a). Removal is proper if the federal court would have had original jurisdiction. *Id*. If, at any time before judgment, it appears that a district court lacks subject matter jurisdiction, the case shall be remanded to the state court. *See* 28 U.S.C. § 1441(a). The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). The removal statute is strictly construed in favor of remand.

*Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014) (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

Additionally, "[m]andatory forum-selection clauses that require all litigation to be conducted in a specified forum are enforceable if their language is clear." *UNC Lear Services, Inc. v. Kingdom of Saudi Arabia*, 581 F.3d 210, 219 (5th Cir. 2009). For a forum-selection clause to prevent a party from its exercising its right to remove a case from federal court, the clause must be a "clear and unequivocal waiver of that right." *City of New Orleans v. Mun. Admin. Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004) (internal citations omitted). A clause constitutes a clear and unequivocal waiver of removal rights if the clause specifically states that it is a waiver of those rights, if it allows one party to choose the venue, or if it establishes an exclusive venue. *Id.* To establish an exclusive venue, a forum-selection clause "must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *Id.* (citing *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955 (5th Cir.1974)).

In evaluating forum-selection clauses, a Court must distinguish between jurisdiction and venue. *Id.* An agreement conferring jurisdiction in one forum will not necessarily be interpreted as excluding jurisdiction elsewhere. *Id.* As a result, "[a]lthough it is not necessary for such a clause to use the word "venue" or "forum," it must do more than establish that one forum will have jurisdiction." *Id.* For example, in *Keaty*, the Fifth Circuit held that a clause that simply provided that the parties agreed to "submit to the jurisdiction of the courts of New York" was not mandatory and was insufficient to constitute a waiver of the right to removal. *Keaty*, 503 F.2d at 957.

Use of the word "shall," by itself, is not always sufficient to render a forum-selection clause mandatory rather than permissive. *See Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127–28 (5th Cir. 1994). In *Caldas*, an agreement between the two parties contained a forum-selection clause that stated "[t]he law and courts of Zurich shall be applicable." *Id.* at 127. The Court explained that while use of the word "shall" rendered a clause "generally mandatory," the only thing certain about the particular clause at issue in the case was that the parties consented to jurisdiction of Zurich courts. *Id.* As a result, the Fifth Circuit held that the clause was permissive. *Id.*

If the county specified in a forum-selection clause does not contain a federal courthouse, the absence "renders the clause at issue . . . a waiver" of federal removal rights. *Collin County v. Siemens Bus. Services, Inc.*, 250 F. App'x 45, 52 (5th Cir. 2007). In *Collin County*, the forum-selection clause at issue provided that "venue for all actions in connection with this Agreement shall lie exclusively in Collin County, Texas." *Id.* at 47. At the time the case was heard, there was no federal courthouse located within Collin County. *Id.* at 53. The Fifth Circuit held that since there was no federal courthouse located within the county, the parties "never contemplated" that the case would be heard in federal court and the forum-selection clause was a waiver of federal removal rights. *Id.* at 52–53.

The forum-selection clause at issue in this case constitutes a "clear and unequivocal" waiver of federal removal rights because it establishes state courts located in Kerr County as an exclusive venue for bringing suit. The language of the forum-selection clause is clear—"venue for *any* action relating to this agreement *shall be in state court* in Kerr County, Texas, and Texas law shall govern." Docket no. 7 at 9 (emphasis added). The specific inclusion of "state court" leaves no doubt that the parties intended to confine the litigation to state courts and waived their

4

federal removal rights.  Additionally, unlike the forum-selection clause in *Keaty*, which simply provided that certain courts had jurisdiction, the forum-selection clause at issue here specifically uses the word venue.  *See Keaty*, 503 F.2d at 957.  Furthermore, inclusion of the word "shall" is seen as "generally mandatory," and unlike the clause in *Caldas*, which was held to be permissive because it simply stated Zurich courts would be "applicable," the clause here specifies that any action "shall be in" state court in Kerr County.  *See Caldas*, 17 F.3d at 127.

Moreover, Kerr County does not contain a federal courthouse.  This Court, while it has jurisdiction over cases removed from Kerr County, is based in a courthouse in Bexar County.  Just as the Fifth Circuit in *Collin County* found that the absence of a federal courthouse in Collin County rendered the forum-selection clause in that case a waiver of federal removal rights, this Court holds that the absence of a federal courthouse in Kerr County necessarily means that the parties intended to waive their federal removal rights in agreeing to a forum-selection clause that mandates venue be in Kerr County.  *See Collin County*, 250 F. App'x at 52.

NSP urges the Court to deny the motion because counsel for TSG failed to confer with NSP's counsel before filing the motion.  Docket no. 3 at 1.  While Local Rule CV-7(i) does permit the Court in its discretion to deny a motion if the parties failed to confer, the Rule does not require it.  Additionally, NSP argues that the forum-selection clause is open to more than one interpretation, and thus must be viewed as permissive.  *Id.* at 3.  The Court, however, finds that the clause is unambiguous and clearly confines venue to state court in Kerr County for the reasons outlined above.

NSP also compares *Collin County* with *Moody v. Aqua Leisure Int'l*, Civ. Ac. No. H-10-1961, 2010 U.S. Dist. LEXIS 126122, (S.D. Tex. Nov. 30, 2012) in an attempt to maintain that the holding of *Collin County* only applies if the forum-selection clause at issue contains the

words "exclusive" or "only." *Id.* at 4–5. However, a forum-selection clause need not contain those specific words in order to be exclusive; other language may suffice as evidence of exclusivity. Additionally, while the clause in *Collin County* did contain the word "exclusive," nothing in the Fifth Circuit's opinion implied that the inclusion of the word was what warranted rendering the clause to be a waiver of federal removal rights. Indeed, the whole of the Court's reasoning was focused on the absence of a federal courthouse in Collin County. *See Collin County*, 250 F. App'x at 52. Thus, the forum-selection clause in the agreement signed by representatives of TSG and NSP is mandatory and constitutes a waiver of federal removal rights.

B. Unreasonableness

Of course, forum-selection clauses that waive federal jurisdiction will be enforced only if enforcement is reasonable. *See In re Fireman's Fund Ins. Cos.*, 588 F.2d 93, 95 (5th Cir. 1979) ("Where the parties have by contract selected a forum, it is incumbent upon the party resisting to establish that the choice was unreasonable, unfair, or unjust." (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972))). The Fifth Circuit has held that unreasonableness can be established by showing that:

> (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.

*Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997) (citing *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 595 (1991)). The party arguing the forum-selection clause is unenforceable bears the burden of proof as to whether or not the clause is unreasonable or unjust. *Bremen*, 407 U.S. at 17.

Here, both TSG and NSP appear to be sophisticated companies, and the contract, including the forum-selection clause, appears to have been entered into voluntarily. Indeed, certain provisions in the agreement have been crossed out, changed, and initialed, signaling that the parties bargained for favorable terms in the contract. Additionally, NSP presented no argument of evidence in its response to suggest or allege that the forum-selection clause is unreasonable. As a result, NSP has not met the high burden of proof required to show the forum-selection clause is unenforceable.

Because the forum selection clause contained in the agreement is a mandatory forum-selection clause specifying venue exclusively in state court in Kerr County and constitutes a waiver of federal removal rights, and is enforceable, removal to this Court, which is not in Kerr County, was improper. Accordingly, TSG's Motion to Remand is GRANTED.

**II.    Attorneys' Fees**

28 U.S.C. § 1447(c) provides that upon an order remanding the case, a court may order payment of attorneys' fees incurred as a result of the removal. 28 U.S.C. § 1447(c) (2012). However, attorneys' fees are not awarded automatically. *Valdes v. Wal-Mart Stores, Inc*., 199 F.3d 290, 292 (5th Cir. 2000). "[A] court may . . . deny attorney's fees if 'the defendant had objectively reasonable grounds to believe the removal was legally proper.'" *City of San Antonio v. Time Warner Cable, San Antonio, L.P.*, Civ. Ac. No. SA-09-CV-869-XR, 2009 U.S. Dist. LEXIS 116035 (W.D. Tex. Dec. 11, 2009) (citing *Valdes*, 199 F.3d at 291–93).

In its motion, TSG asked that the Court award $3,625.00 in attorneys' fees. Docket no. 7 at 4, 34. However, upon allegations by NSP's counsel that TSG's counsel failed to confer and that the amount requested was unreasonable for various reasons, TSG withdrew its application for attorneys' fees and requested "any claim for reasonable attorneys' fees be continued and

addressed with the final disposition of merits in the underlying complaint." Docket no. 16 at 9–10.  As a result, the request for attorneys' fees is denied at this time.

## CONCLUSION

Plaintiff HJH Consulting Group, Inc., d/b/a The Salt Group's Motion to Remand and For Attorneys' Fees (docket no. 7) is GRANTED IN PART as to the motion to remand and DENIED IN PART as to the request for attorneys' fees.  Accordingly, the Clerk is directed to REMAND this case to state court and close the case.

It is so ORDERED.

SIGNED this 8th day of December, 2015.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE